## COLLECTION MADE BY BANK.

Circuit Court of Cuyahoga County.

DORR E. WARNER, ASSIGNEE, ETC., OF THE GLENVILLE BANKING
& TRUST COMPANY, V. JOHN URFER.

Decided, November 4, 1908.

*Trusts and Trustees—Banks and Banking—Where a Bank Wrong-
fully Commingles Funds of a Creditor with its Own, the Creditor
is not Thereby Preferred Over Other Creditors.*

Where a bank has made a collection for one, and without his knowl-
edge or consent, opened an account in his name, crediting him
with the amount collected and commingling the money with its
own, and thereafter becomes insolvent with less money on hand
than the amount so collected and commingled, no trust exists in
favor of the creditor as he can not follow the trust *res*, nor is his
claim as a creditor preferred to that of other creditors.

*Dorr E. Warner*, for plaintiff.
*A. L. Brewster*, contra.

HENRY, J.; MARVIN, J., concurs.

The finding of facts in this case shows that the bank, before
its failure, made a collection for John Urfer; credited the pro-
ceeds to a new account which it opened in his name without his
knowledge or consent; mingled the same with the other funds
of the bank so that they can not be traced either in their original
or in a substituted form, and finally made an assignment with
but $200 cash on hand. Whether this was the minimum amount
of cash which the bank had on hand during the entire interval
between the mingling of funds and the assignment does not
appear.

On this state of facts Urfer would, of course, be entitled to the
return of his money in preference to the claims of the bank's
general creditors if he. could identify or trace it (*Jones et al* v.
*Kilbreth*, 49 Ohio St., 401). But since it has been inextricably
commingled with the other funds of the bank so that it can not
any longer be identified or traced, either in its original or in a

substituted form, the preference can not operate, for want of any specific property capable of being impressed with the trust which Urfer asserts. *Reeves, Stephens & Co.* v. *State Bank of Ohio,* 8 Ohio St., 465.

It is no doubt true that after commingling Urfer's money with its own, the bank's minimum cash balance thereafter on hand, would be deemed to consist, in whole or in part as the case might require, of his money; because as between the rightful paying out of its own money and the wrongful paying out of Urfer's money to other persons, the former is presumed (*Commrs. of Crawford Co.* v. *Strawn, Receiver,* 6 O. L. R., 309). But as already stated, there is nothing to show here that the $200 on hand when the bank failed was in fact its minimum amount of cash on hand during that interval.

The argument that the entire assets of the bank at the time of its failure must be deemed to be augmented by the amount of Urfer's money previously added thereto, is plainly malicious and fallacious. The ultimate insolvency of the bank implies that the diminution of its assets overbalanced all augmentation thereof. If there is any occasion for preferring Urfer, it is due to the fact that the bank's assets have so diminished that they are insufficient to meet its liabilities. Some of the assets which the bank had when it was solvent are now gone. The moneys having been commingled, Urfer's money is, for aught we know, among the assets which were lost while the bank was becoming insolvent.

Inasmuch as Urfer's claim can not be preferred, but must take its place among the claims of the bank's general creditors, the judgment below in his favor is reversed and final judgment for the assignee entered here.